{¶ 38} I write separately to note that waiver of the right to jury trial is not necessarily a waiver of Sixth Amendment/Blakely issues during sentencing.
 {¶ 39} In United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621, the Supreme Court held that the Sixth Amendment is violated whenever a judge imposes a sentence that is "based on any fact (other than a prior conviction) not established by a guilty plea, a jury verdict, or admitted by the Defendant." 125 S.Ct. at 756. See, also, Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 ("When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.")
 {¶ 40} In light of this prohibition, several Ohio courts have determined that Sixth Amendment challenges remained viable, even where the defendant waives his right to be tried to a jury, if the defendant raises such challenge prior to sentencing. SeeState v. Kruse, Wood App. No. WD-05-001, 2006-Ohio-3179
(concluding that the trial court erred in denying defendant's motion to empanel a jury for purposes of sentencing). Cf. Statev. Mosley, Franklin App. No. 05AP-701, 2006-Ohio-3102 (concluding that the defendant waived the claim by failing to raise it at sentencing); State v. Simms, Franklin App. Nos. 05AP-806, 05AP-807, 2006-Ohio-2960 (same).
 {¶ 41} In this matter, defendant waived his right to a jury trial and did not preserve the Sixth Amendment/Blakely issue at the time of sentencing.